Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 7318 | DATE | December 14, 2004 |
| CASE TITLE | EMPLOYEES UNION, LOCAL 743 V. RUSH UNIVERSITY MEDICAL CENTER | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
10) ■ [Other docket entry] Defendant's motion to dismiss [ ] is granted. This cause [ ] is dismissed with prejudice. Plaintiff's motion for a preliminary injunction [ ] is denied as moot. ENTER MEMORANDUM OPINION.

x [For further detail see order (on reverse side of/attached to) the original minute order.]

| No notices required, advised in open court. | | | Document Number |
|---|---|---|---|
| No notices required. | | number of notices | |
| Notices MAILED by judge's staff. | | DEC 16 2004 | |
| Notified counsel by telephone. | | date docketed | |
| Docketing to mail notices. | | | 10 |
| Mail AO 450 form. | | docketing deputy initials | |
| Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 2004 DEC 15 PM 4:17 | KAM |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTH CARE, PROFESSIONAL, TECHNICAL OFFICE, WAREHOUSE AND MAIL ORDER EMPLOYEES UNION, LOCAL 743, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>RUSH UNIVERSITY MEDICAL CENTER, an Illinois not-for-profit corporation,<br><br>Defendant. | DEC 1 6 2004<br><br>No. 04 C 7318 |

## MEMORANDUM OPINION

The plaintiff union has moved for a preliminary injunction that would restrain the defendant employer, Rush University Medical Center, from implementing a change in health-care coverage for union employees, pending resolution of the coverage dispute by negotiation or compulsory arbitration. The collective bargaining agreement between the parties has expired, and they have been negotiating a new agreement. The issue that separates them is this question as to what kind of health coverage the union employees will receive. The old agreement gave them the option to elect an HMO. The employer has announced its intention to put into effect a new plan as of January 1, 2005. This plan would eliminate the HMO option but would provide for the union employees coverage that

would be equal to that provided for the non-union employees of the hospital.

The parties disagree as to whether the hospital is entitled to do this. The union contends that its members have a continuing right to the HMO option. Rush's position is that, so long as the union members are afforded benefits equal to those of non-union employees, the HMO option can be eliminated. If the parties reach an impasse in their negotiations, either party has a right to submit the issue to binding "interest" arbitration by an arbitrator of the parties' choosing. Plaintiff takes the position that the hospital has expressly agreed to maintain the status quo during the interval following expiration of a current agreement. We will deal first with that contention. It is based on the following provision of Exhibit F of the Agreement:

> IX. The Union agrees that, should it win the election, there will be no work stoppages, strikes or slowdowns of any kind or for any reason at the Hospital during the course of any future contract negotiations, but that, should any matters remain unresolved at any such negotiations after a reasonable period of good faith collective bargaining and an impasse has been reached such matters must be submitted by either party to an impartial arbitrator to whom all of the facts will be presented and whose decision with respect to such matters will be final and binding upon both parties ....
>
> \* \* \* \*
>
> XII. The Hospital agrees that, should the Union win the election, any collective bargaining agreements negotiated between the Hospital and the Union at any time in the future will contain a provision prohibiting lockouts of any kind or for any reason at the Hospital and further providing that all disputes shall be resolved by binding

arbitration in the manner set forth in paragraph IX hereof.

Plaintiff relies on the last clause of paragraph XII, "and further providing that all disputes shall be resolved by binding arbitration in the manner set forth in paragraph IX hereof." Plaintiff sees this as an agreement by the parties "to forgo all self-help - including unilateral implementation - during such negotiations [for a successor agreement]." (Plaintiff's Response in Opposition to Motion to Dismiss at 3.) We find no such commitment in the quoted language, which does nothing more than provide for binding arbitration. It says nothing at all about the employer maintaining the status quo during the negotiations, either expressly or by implication. Our view is not affected by the union's agreement not to strike during negotiations. The role of the court is to interpret the contract of the parties, not to write a new one for them.

It is unnecessary to review the law concerning the extremely limited circumstances in which a court can enter an injunction in a labor dispute. The circumstance that could be relevant here is possible frustration of the arbitration process. A status quo injunction can be entered where it is "necessary to prevent arbitration from being rendered a meaningless ritual." Local Lodge No. 1266, Int'l Ass'nn of Machinists & Aerospace Workers v. Panoramic Corp., 668 F.2d 276, 283 (7th Cir. 1981). When it is first determined that the traditional requirements for a

preliminary injunction are met, "a status quo injunction serves the salutary purpose of enforcing the parties' agreement to arbitrate by preserving an effective arbitral remedy for bargaining agreement breaches." Id.

The union argues that if the hospital is allowed to discontinue the HMO option pending arbitration, the arbitrator will be unable to grant an effective remedy even if the issues are decided in favor of the union. Part of plaintiff's apprehension lies in a disadvantage it sees in the difference between "grievance arbitration" and "interest arbitration." We are not persuaded by plaintiff's argument. It seems to us that the arbitrator would have even more discretion in an interest arbitration than in a grievance arbitration and might therefore be in a better position to make a truly just award. But the question is not whether plaintiff would have a better chance of obtaining its desired relief in a grievance arbitration than it does in the interest arbitration the parties agreed upon. The question is whether a status quo injunction is necessary to prevent the arbitration from being meaningless, regardless of what kind of arbitration it is. An award that might provide the union less than it wants is not the same thing as a "meaningless" award.

In any event, we do not think the difference between grievance and interest arbitration distinguishes this case from the cases relied upon by defendant. We find particularly apposite Judge

Gottschall's decision in <u>Local Union 15, International Brotherhood of Electrical Workers v. Exelon Corp.</u>, 191 F. Supp. 2d 987 (N.D. Ill. 2001). The union in that case sought to enjoin a lay off that was allegedly in violation of the existing collective bargaining agreement. The injunction was sought pending the arbitration provided for in the agreement. The union alleged that its employees would suffer irreparable harm, including loss of health benefits. The employer moved to dismiss the complaint for failure to state a claim due to an insufficient allegation of irreparable harm.

The court granted the motion to dismiss. Commenting on the union's argument about health benefits, the court observed:

> The court agrees with Exelon. The loss of health benefits in this case does not amount to an injury so irreparable that a favorable decision by an arbitrator would be an empty victory for the Union. If an arbitrator finds in favor of the Union on the merits of this case, the arbitrator will be capable of instituting several remedies. These include reinstating full fringe benefits to those employees from whom benefits were wrongfully withheld; providing reimbursement for any out-of-pocket losses that employees may have incurred in paying for COBRA premiums as a result of their wrongful layoff; and providing reimbursement for losses suffered due to medical expenses of employees unable to afford COBRA premiums. The Union also argues that the large volume of workers affected by the layoffs renders arbitration a futile exercise. The court disagrees. While remedying injuries for large numbers of injured employees would indeed make the arbitrator's task difficult, it would not make it impossible.

<u>Id.</u> at 993.

We think we have a similar situation here. If the arbitrator should agree with the union on the merits, the award can provide the union members with whatever medical benefits the arbitrator finds appropriate. Such relief would not be meaningless even if for some reason an HMO option were not included.[1]

## CONCLUSION

Because the complaint fails to state a claim upon which relief can be granted, defendant's motion to dismiss will be allowed and this cause will be dismissed with prejudice.[2]

Plaintiff's motion for a preliminary injunction will be denied as moot.

DATED:   December 14, 2004

ENTER: _John F. Grady, United States District Judge_

---

[1] We express no opinion, of course, as to whether it should be included.

[2] We see no likelihood of successful amendment, and the dismissal with prejudice will enable the plaintiff to take an immediate appeal if it desires to do so.